## UNITED STATE DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

```
************************************
                                  *
Brian H. Cook et. al.             *
                                  *        Docket No.
                  v.              *        (Jury Trial Demand)
                                  *
City of Concord, New Hampshire    *
                                  *
************************************
```

## COMPLAINT

## I.  INTRODUCTION

1.  Plaintiffs, all current or former police officers for the City of Concord, New Hampshire (the

    "City ) and members of the Concord Police Patrolmen's Association, seek by this suit to

    recover wages and overtime wages due and owing pursuant to law and their contract of

    employment.  The Plaintiffs complain that the City has failed to compensate them for all

    their "hours worked  in violation of contract and law.

2.  Plaintiffs bring this action pursuant to the Fair Labor Standard Act of 1938, as amended 29

    U.S.C. § 201 *et. seq*. (hereinafter "FLSA  ), and as supplemental claims, New Hampshire

    Common and Statutory Law, Plaintiffs seek monetary relief, liquidated damages, attorney

    fees and costs as permitted by law.

## II.  PARTIES

3.  Plaintiff, Brian H. Cook, is an individual, residing at Bow, New Hampshire, with an

    association address of P.O. Box 981, Concord, NH 03302.

4.  Plaintiff, Michael W. Kulak, is an individual, residing in Dunbarton, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

5.  Plaintiff, Steven L. Martel, is an individual, in Manchester, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

6.  Plaintiff, Daniel A. McDonald, is an individual, residing in Concord, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

7.  Plaintiff, Marc P. McGonagle, is an individual, in Penacook, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302-02981.

8.  Plaintiff, Mark N. Hassapes, is an individual, residing in Manchester, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

9.  Plaintiff, Amanda Reed, is an individual, in Epsom, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

10. Plaintiff, Joseph L. Wright, is an individual, in Manchester, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

11. Plaintiff, Katherine R. Moreira, is an individual, in Pembroke, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

12. Plaintiff, Jason O. Wimpey, is an individual, in Loudon, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

13. Plaintiff, Joshua H. Lavasseur, is an individual, residing in Manchester, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

14. Plaintiff, Michael D. Cassidy, is an individual, residing in Chichester, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

15. Plaintiff, Jessalyn R. Camelio, is an individual, residing in Manchester, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

16. Plaintiff, James R. Fallon, is an individual, in Pembroke, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

17. Plaintiff, Dana J. Dexter, is an individual, residing in Concord, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302, with an association address of P.O. Box 981, Concord, NH 03302.

18. Plaintiff, Sean K. Ford, is an individual, residing in Concord, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

19. Plaintiff, Matthew D. Lankhorst, is an individual, residing in Concord, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

20. Plaintiff, Sean P. Dougherty, is an individual, residing in Concord, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

21. Plaintiff, Eric A. Crane, is an individual, residing in Penacook, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

22. Plaintiff, Michael D. Pearl, is an individual, residing in Concord, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

23. Plaintiff, Robert W. Buelte, is an individual, residing in Boscawen, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

24. Plaintiff, Todd M. Flanagan, is an individual, residing in Concord, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

25. Plaintiff, Thomas W. Yerkes, Jr. is an individual, residing in Pembroke, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

26. Plaintiff, Ryan D. Howe, is an individual, residing in Weare, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

27. Plaintiff, Miguel A. Cebollero, is an individual residing in Franklin, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

28. Plaintiff, Timothy J. O'Malley, is an individual, residing in Nashua, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

29. Plaintiff, Mark A. Dumas, is an individual, residing at in Pembroke, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

30. Plaintiff, Craig W. Levesque, is an individual, residing in Concord, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

31. Plaintiff, William J. Brouiliet, is an individual, residing in Concord, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

32. Plaintiff, Almedin Dzelic, is an individual, residing in Concord, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

33. Plaintiff, Chris A. DeAngelis, is an individual, residing in Concord, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

34. Plaintiff, Michael A. Guarino, is an individual, residing in Manchester, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

35. Plaintiff, Jesse A. Colby, is an individual, residing, in Canterbury, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

36. Plaintiff, Steven J. Duquette, is an individual, residing in Manchester, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

37. Plaintiff, Melissa J. Pfefferie, is an individual, residing in Goffstown, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

38. Plaintiff, Joseph L. Chaput, is an individual, residing in Goffstown, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

39. Plaintiff, Kevin F. Leblanc, is an individual, residing in Webster, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

40. Plaintiff, Brian J. Cregg, is an individual, residing in Londonderry, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

41. Plaintiff, Timothy F. King, is an individual, residing in Manchester, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

42. Plaintiff, Richard L. Telifson, is an individual, in Bow, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

43. Plaintiff, Christopher J. Gallagher, is an individual, in Franklin, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

44. Plaintiff, Kevin A. Partington, is an individual, in Concord, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

45. Plaintiff, Adam J. Fanjoy, is an individual, residing in Boscawen, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

46. Plaintiff, Stacey A. Rovinelli, is an individual, residing in Bow, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

47. Plaintiff, Matthew A. Nelson, is an individual, residing at in Concord, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

48. Plaintiff, Kyle P. Finney, is an individual, residing in Concord, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

49. Plaintiff, Barrett J. Moulton, is an individual, residing in Canterbury, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

50. Plaintiff, Daniel E. Reilly, is an individual, residing in Concord, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

51. Plaintiff, William H. Dexter, Jr., is an individual, residing in Northfield, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

52. Plaintiff, Julie A. Curtin, is an individual, residing in Manchester, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

53. Plaintiff, Brandon C. Neudecker, is an individual, residing in Pembroke, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

54. Plaintiff, Andrew N. Pellecchia, is an individual, residing in Hillsboro, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

55. Plaintiff, Jason M. Palmer, is an individual, residing in Northfield, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

56. Plaintiff, Scott J. Fanjoy, is an individual, residing in Center Barnstead, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

57. Plaintiff, Carl P. Notarangeli, Jr., is an individual, residing in Loudon, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

58. Plaintiff, Joseph J. Pitta, is an individual, residing in Bradford, New Hampshire, with an association address of P.O. Box 981, Concord, NH 03302.

59. Defendant, City of Concord, is a municipality and a political subdivision of the State of New Hampshire with offices located at 41 Green Street, in Concord, New Hampshire.

## III. <u>JURISDICTION</u>

60. Jurisdiction is conferred on this Honorable Court by 28 U.S.C. § 1331, which provides for original jurisdiction over all civil suits involving questions of Federal law.  Under 29 U.S.C. § 216(b) this Court has jurisdiction in civil action brought to recover unpaid overtime wages and wages due under the FLSA.

61. The Court's supplemental jurisdiction is invoked with respect to the Plaintiffs' statutory and common law claims which arise out of the same set of operative facts Plaintiffs' federal claims are based, pursuant to 28 U.S.C. § 1367.

62. Plaintiffs seek unpaid wages, unpaid overtime wages, interest on unpaid wages and overtime wages, liquidated damages, costs and attorney fees of this action pursuant to 29 U.S.C. § 216(b) and as was provided by law.

63. Plaintiffs also seek to cover wages due under contract and as provided by RSA 275:53 (I). The Plaintiffs submit here with a written Consent to Sue Form as required by 29 U.S.C. § 216(b).  <u>See Plaintiff's Exhibit A</u>.

## IV. <u>FACTUAL ALLEGATIONS</u>

64. The Plaintiffs are either current or former police officers with the City's Police Department.

65. The Concord Police Department's mission is to protect life and property, maintain order and attempt to resolve the community's needs by coordinating required resources.

66. To advance the promulgated Missions Statement of the City of Concord, the Concord Police Department organizational structure is divided into two distinct bureaus, *i.e.* The Bureau of Patrol and the Bureau of Support Services.

67. The Bureau of Patrol provides the standard customary police services, such as patrolling and providing the citizenry of Concord with professional services in an effort to preserve the public peace through the enforcement of state laws and through the detection and apprehension of criminal offenders.

68. The Division of  Support Services include investigations and all other support services including but not limited to, criminal detectives, juvenile detectives, drug detectives, community resource officers, and support staff.

69. The hours of work for all officers consist of five (5), eight 8 hour shifts within a seven (7) day period commencing Sunday and continuing through Saturday.  29 C.F.R. § 778.105

70. Individual officers assigned to patrol work a rotating four days on, two days off schedule which includes a training day every six weeks.

71. Support Service officers' hours of work consist of the standard five (5), eight 8 hour days with two days off.

72. The Concord Police Department provides police services on a 24 hour/7 day a week basis. In order to provide this service, the patrol schedule consists of 5 separate shifts.  There is a day shift, night shift, midnight shift, relief shift, and impact shift.

73. Each shift, except the impact shift, consists of an 8.25 hour day which includes a 15 minute "roll call   prior to each shift.

74. The impact shift, consists of four (4), 10 hour days with a 15 minute "roll call   and three days off in a  seven (7 ) day work period.

75. These shift assignments are made by a seniority/bidding process.

76. These patrol schedules are established over a 6 week rotational schedule.

77. The Collective Bargaining Agreement between the City of Concord and the Concord Police Patrolmen Association provides that overtime is paid at a rate of one and one half (1 ½) times the employees regular scheduled rate for all hours worked beyond eight (8) hours in a work day or forty (40) hours in a work week.

78. The City requires as a term and condition of employment, strict adherence to a dress and equipment code, to ensure uniformity in dress appearance of all Concord Police Officers through the creation of a "good impression, to inspire confidence in the professional ability of the Department and its members.

79. The Plaintiffs are required to wear a prescribed uniform and defensive/offensive protective gear, whose functions are integral and indispensable to the Plaintiffs' principle activity of providing police services to the community of Concord.

80. The City of Concord provides a uniform for each officer which is described in the City of Concord Police Department General Orders No. 26-4. Attachment B. The Order requires the uniforms be worn in a specified manner. This includes, but is not limited to, a uniform that must be kept in clean, good repair and well pressed at all times. The officer must don the specified (The City has negotiated uniforms. Attachment B Pg. 1-4), that the uniform, including trouser, shirt, hat, shoes, boots, jacket or outside wear, necktie, garrison belt, buckless belt, uniform, hat, badges, shoulder emblems, name tags, awards, badge covers, gloves, tee shirts, socks, insignia and offensive and defensive protective gear. The officer must determine that the following is in good and working order:

      A.  A fully loaded Department issued handgun and holster (required);

      B.  Two (2) fully loaded spare magazines and case (required);

      C.  Department issued Stinger flashlight and case;

D.  Department issued handcuffs and case (required);

E.  PR-24 and baton ring or the Monadnock autolock baton or ASP expandable baton and holder (required);

F.  Oleoresin Capsicum aerosol spray and case (required);

G.  Four belt keepers one that has a concealed cuff key.

H.  A portable radio clip (required);

I.  Department issued knife or authorized Leatherman utility tools and case;

J.  Disposable gloves pouch;

K.  The Sam Browne belt must be plain black leather or leather-like material and shall be secured.  Keepers shall be proportionately spaced to keep the belt in place and not less than two or more keepers shall be worn.

L.  The offensive and defensive firearm, ammunition and supplemental equipment includes a Department issued handgun, a semi automatic pistol;

M.  Each officer is issued an allotted amount of ammunition that must be carried at all times;

N.  The baton must be carried and easily accessible for the offer to use;

O.  The handcuffs are issued by the department and are hinged handcuffs with a nickel finish that must be in good working order at all times, a second pair may be carried;

P.  In addition, the office must wear a ballistic/tactical vest;

Q.  Certain officers are issued shot guns, and specialized weapons such as high powered rifles, carbines, select fire rifles, sub machine guns, semi automatic

weapons, chemical agent launching or delivery devices, and Arwen 37

weapon systems;

81. Officers must make sure that the weapon(s) must be kept in good working order and must be clean and subject to inspection without notice.

82. A ballistic/tactical vest are a protective device which is be worn by all Concord

Police Department sworn personnel.

83. The vest must meet the National Institute of Justice Standards.

84. The donning, checking and maintenance of this equipment requires an officer to spend a 15-30 minute shift performing uncompensated work for the City. The equipment must be checked and serviceable for each and every shift. An officer is also required to further retrieve from the radio room a charged battery prior to each shift. Officers are also required to

check their mail slots, folders, City email and voicemail prior to reporting to roll call.

85. An officer usually reports to work 15 to 30 minutes before roll call in order to accomplish these tasks.

86. The City has refused and continues to refuse to compensate for the donning of uniforms, and protective equipment.

87. At the completion of each shift, officers are not allowed to return to the police station until five (5) minutes before the end of their shift.

88. The officers in this five (5) minute period must shut down their computers, clear and unload weapons, turn off all electronic items in the cruiser, clean the cruiser and gather all paperwork.

89. In the same five (5) minute period, the officer must provide paperwork, summons, warning slips, subpoenas, evidence, etc. to the Concord Police Department that was issued during that shift.

90. In the same five (5) minute period, the officer must, if applicable, "clean all specialized equipment and weapons. The weapons are unloaded and inspected to ensure that it is in clean and good working order.

91. In the same five (5) minute period, the officer must then brief the oncoming officer concerning important issues within their sector. The outgoing officer provides the oncoming officer with keys and signs the cruiser out.

92. In the same five (5) minute period, the officer is required to go to the watch commander's office and turn in all paperwork from that particular shift. The officer proceeds to the locker room to remove and store his duty belt and equipment. The officer must remove his duty belt and equipment, inspect the equipment referenced above, as to being accountable and in good working order. The duty belt is then stored in the individual locker.

93. Upon a sufficient clearing and accountability check, the officer is allowed to then change into civilian clothes. The time exerted by the officer, over time five (5) minute period and is considered noncompensible by the City.

## V. THE FIRST CAUSE OF ACTION FLSA

### (29 U.S.C. § 201 *ET. SEQ.*)

94. Repeating the allegations contained in Paragraphs 1 through 95, the City violated Section 7 of the FLSA, 29 U.S.C. § 207 by failing to properly compensate the Plaintiffs. The

Plaintiffs are entitled to 1.5 times their hourly wage for all hours worked and beyond 43 hours per week.

## VI.  SECOND CAUSE OF ACTION:  FLSA HOURS WORKED

95. Repeating the allegations contained in Paragraphs 1 through 96, the action of the City by failing to properly compensate the Plaintiffs for hours worked, constituted a violation of employer's responsibility to compensate an employee for each and every hour worked. 29 U.S.C. § 206; 29 C.F.R. 785:11.

## VII.  THIRD CAUSE OF ACTION:  FLSA/WILLFUL VIOLATION

96. Repeating the allegations contained in Paragraphs 1 through 97, the actions of the City by failing to properly compensate the Plaintiffs for their overtime work constituted a willful violation of the law as defined in 29 U.S.C. § 255.

97. Plaintiff, Mark Dumas has contacted the City on several occasions requesting that the donning and doffing time be compensated by the Concord Police Department and they have heretofore refused to compensate said time.

98.  The City of Concord has been provided with the relevant statutory references, as well as the recent case of  **I.B.P., Inc. v. Alvarez**, 546 U.S. 21, (U.S. 2005) in support of the position that donning and doffing is compensable time when, it is an integral and indispensable to the employees work. Nonetheless, the City has acted with knowledge and recklessly and willfully in failing to compensate the Plaintiffs for their hours worked and overtime, and informed the Plaintiffs that they are not entitled to overtime or any compensation.

## VIII.  FOURTH CAUSE OF ACTION:  STATE STATUTORY AND COMMON LAW

99. Repeating the allegations contained in Paragraphs 1 through 100, the City breached its obligation contained within the terms and conditions of a collective bargaining agreement, by failing to pay the Plaintiffs 1.5 times the legal and true hourly rate for all hours worked in excess of 40 hrs per week or 8 hours in a day.

100. In addition, the City has failed to pay all wages and benefits required under the employment contract and as required by State law, pursuant to the laws promulgated by the legislature of the State of New Hampshire. RSA 275:43 *et. seq.* and the interpretive regulations promulgated by the New Hampshire Department of Labor, LAB 803.02 and LAB 803.05.

101. RSA 275 provides for private right of action maintainable by an employee to recover unpaid and/or liquidated damages in a court of competent jurisdiction. The City has violated RSA 275 and is liable to the Plaintiffs for all unpaid wages and unpaid overtime wages plus the cost of action and reasonable attorney fees.  See RSA 275:53 (I) and (III).


WHEREFORE, the Plaintiffs respectfully request that this Honorable Court:

A.  Assume jurisdiction over this action;

B.  Award actual damages to the Plaintiffs;

C.  Award interest and actual damages to the Plaintiffs;

D.  Award the Plaintiffs an additional amount equal to the amount of actual damages as provided for in state and federal law;

E.  Award Plaintiffs their costs, including reasonable attorney fees pursuant to 29 U.S.C., § 216 (b) and RSA 275:53 (III) or as is otherwise provided by law;

F.   Schedule this matter for hearing before the bench;

G.   A Jury Trial is hereby demanded;    and

H.   Grant such other and further relief as is deemed just and equitable.

Respectfully Submitted,
Concord Police Patrolmen's Association
By and Through Its Counsel,
COOK & MOLAN, P.A.

Dated:  April 3, 2007          By:      /s/ John S. Krupski
                                        John S. Krupski, Esquire
                                        NHBA #11309
                                        100 Hall Street, P.O. Box 1465
                                        Concord, NH  03302-1465
                                        (603) 225-3323
                                        Email:  jsk@cooknmolan.com