**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*
**Brian H. Cook, et al.**            \*
                                     \*    Docket No.: 1:07-cv-00100-SM
                v.                   \*
                                     \*
**City of Concord, New Hampshire**   \*
                                     \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## STIPULATION OF SETTLEMENT

The Plaintiffs, all current or former police officers for the City of Concord, New Hampshire ("Plaintiffs"), and the Defendant, City of Concord ("City" or "the City"), have agreed to fully and finally resolve all matters in controversy in this action, and further agree that they and anyone claiming through them are and will be bound hereby.

WHEREAS, on April 3, 2007, Plaintiffs filed their Complaint alleging violations of the Fair Labor Standards Act ("FLSA") and State labor laws; and

WHEREAS, the City filed its Answer on May 14, 2007, denying any and all such allegations; and

WHEREAS, by assenting to this Stipulation for Settlement, the Plaintiffs and the Defendant have admitted to the jurisdiction of this Court over them and over the subject matter of this action.

WHEREAS, apart from admitting personal and subject matter jurisdiction, the City does not admit that any violations of the Fair Labor Standards Act ("FLSA") or State labor laws have occurred, and it is understood that this Stipulation of Settlement does not constitute an admission

of wrongdoing by the City or an adjudication upon the merits regarding the above-referenced matters.

WHEREAS, the parties now desire to settle and compromise the Plaintiffs' claims without further litigation on the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the mutual covenants and promises contained herein, and for good and other valuable consideration, receipt and sufficiency of which the Parties hereby acknowledge, the Parties hereby stipulate and agree as follows:

1. The City shall provide to each of the Plaintiffs an allotment of annual leave hours or pay up to a maximum of sixty (60) hours of annual leave at their regular hourly pay rate. Based upon individual preference, and contingent upon available funds, the leave amount may be paid at the time of the credit to each Plaintiff at his or her regular hourly pay rate. Individual amounts will be calculated as follows:

   i. The period of calculation shall be from June 1, 2006 through October 31, 2007;

   ii. Credit for time assigned shall be on a monthly basis. Officers with greater than 15 days of patrol assignment within a month shall receive full credit for the month. Officers with fewer than 15 days of patrol assignment shall not receive credit for the month.

   iii. Maximum credit for the entire 17 month period shall be sixty (60) hours. Officers with less than 17 full months shall receive a prorated share.

   iv. In the event that the credited time awarded causes the employee to exceed their maximum allowable accrued time limit as defined in the current Collective Bargaining Agreement and the Concord Police Patrolmen's Association, then the City shall pay the employee for the time in excess of the maximum allowable accrued time at that employee's regular hourly rate of pay.

   v. Plaintiffs not currently employed by the Concord Police Department at the date of agreement shall be paid for the time awarded at their regular hourly rate at the time of their departure

2

> from the Concord Police Department. All other payments shall be made at the individual's regular pay rate at the time of the order regarding this issue.

2. Credit for leave as described at Paragraph 2 above shall be made no later than 45 days after entry of this Stipulation of Settlement.

3. The City shall, within forty-five (45) days of the date of entry of this Stipulation of Settlement, pay each plaintiff the amount of $100.00, as reimbursement for expenses associated with this litigation, said amount to be paid via a check made payable to "Cook & Molan, P.A., as counsel for _____" (each named plaintiff).

4. This Stipulation of Settlement fully and finally resolves all matters in controversy in this action, as well as any claims or allegations that were asserted or could have been asserted between the Parties in this action, including, but not limited to, all claims and potential claims under the Fair Labor Standards Act, 29 U.S.C. 201 et seq. and New Hampshire Rev. Stat. Ann. Chapters 273, 275 and 276.

5. Each Party shall bear its own attorneys' fees and expenses with respect to this action.

6. The Plaintiffs do hereby dismiss their claims asserted against the City in this action.

7. This Agreement and any dispute arising hereunder shall be governed by the laws of the State of New Hampshire and the Parties agree that the United State District Court for the District of New Hampshire shall have full and exclusive and continuing jurisdiction over any such dispute.

8. The Parties acknowledge and represent that they are entering into this Stipulation freely and willingly, and that each has had the opportunity to seek legal advice from counsel with

respect to the terms of this Stipulation, that the Stipulation has been completely read by them and that the terms of this Stipulation are fully understood and voluntarily accepted by them.

9. The terms of this Stipulation require the approval of this Court and shall become effective only when approved and "so ordered" by this Court. To that end, the Parties agree to submit an Assented-to Motion for Approval of this Stipulation of Settlement.

IN WITNESS WHEREOF, the Parties have duly executed this Stipulation on the date set forth below.

PLAINTIFFS

Date: 2/15/08       By: /s/ John S. Krupski

CITY OF CONCORD

Date: 2/15/08       By: /s/ Mark T. Broth

IT IS SO ORDERED THIS __19th__ day of __February__, 2008.

/s/ Steven J. McAuliffe
Chief United States District Judge